IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TEEK ARAM BARLETT,

Plaintiff,

v.                                              CASE NO. 22-3079-SAC

BRYAN EVANS, ET AL.,

Defendants.

MEMORANDUM AND ORDER

Plaintiff Teek Aram Barlett, who is incarcerated at the Rice County Jail (RCJ) in Lyons, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights are being violated by the denial of the religious vegetarian diet he has requested. It comes now before the Court on Plaintiff's motion to supplement the complaint (Doc. 7), which the Court will grant. Even considering the supplements to the complaint, however, the Court has identified deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file a complete and proper amended complaint on court-approved forms that cures those deficiencies.

In addition, Plaintiff is reminded of his responsibility to pay an initial partial filing fee of $18.00, as ordered by the Court on April 28, 2022. The initial partial filing fee was due on

or before May 12, 2022, and has not yet been received.

## I.   Nature of the Matter before the Court

Plaintiff names as defendants Lyons County Sheriff Bryant Evans, RCJ Captain Tim Weaver, and RCJ First Shift Sergeant Marci Heath. As the factual background for this complaint, Plaintiff alleges that when he arrived at the RCJ in November 2021, he received a religious vegetarian diet for one week, then was told "they don't do it anymore." (Doc. 1, p. 3.) He also alleges that when Defendant Heath booked him into the RCJ in February 2022, he "asked her to please place [him] on a religious vegetarian diet." *Id.* Plaintiff alleges that Defendant Heath ignored him.

The following month, Plaintiff sent two request to Defendant Weaver asking to be placed on a religious vegetarian diet, but those requests were also ignored. On April 3, 2022, Plaintiff sent a related grievance to Defendant Evans, which also brought no relief. Plaintiff alleges that he received a religious vegetarian diet on April 4, 2022, but not on April 5, 2022 or thereafter. According to Plaintiff, when he asked Defendant Heath why the religious vegetarian diet was "taken away," she replied, "'[B]ecause we want to.'" (Doc. 1, p. 6.)

In the sole count of this complaint, Plaintiff alleges that the refusal to give him a religious vegetarian diet violated his right to free exercise of religion as guaranteed by the First and Fourteenth Amendments to the United States Constitution. As

relief, Plaintiff seeks injunctive relief and nominal damages.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

## III. Discussion

### A. Defendants

This action is subject to dismissal as against Defendants Evans and Weaver because the complaint does not sufficiently allege their personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The only allegations about Evans and Weaver in the complaint are that Weaver ignored two requests that Plaintiff receive a religious vegetarian diet and Evans ignored a related grievance. But to be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In other words, an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Thus, Plaintiff has failed to allege sufficient facts to support a plausible § 1983 claim against Defendants Evans and Weaver.

**B. Failure to State a Claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). As noted above,

the Court liberally construes a pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"[A]n inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). It is not clear from the complaint, however, precisely when the alleged

constitutional violations occurred. In one portion of the complaint, Plaintiff refers to being denied vegetarian meals in November 2021, but in another part of the complaint, he refers to being booked into the Rice County Jail in February 2022. If Plaintiff chooses to file an amended complaint, he should ensure that the dates on which the alleged violations occurred are clearly identified.

In addition, to state a claim under the Free Exercise Clause, a plaintiff must plead facts showing a "substantial burden" on a sincerely held religious belief. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). A "substantial burden" involves something more than an incidental effect or inconvenience on religious exercise. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312-15 (10th Cir. 2010). The threshold consideration with a free exercise claim under the First Amendment is whether the plaintiff's belief is "sincerely held" and "religious in nature." *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004). In addition, a plaintiff "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009).

Plaintiff has not identified the religious belief underlying his request for a vegetarian diet, asserted that he sincerely holds that belief, explained how the denial of a vegetarian diet created a substantial burden on that belief, or alleged facts showing that

a defendant consciously or intentionally interfered with Plaintiff's free exercise rights. By failing to allege sufficient facts to support a plausible First Amendment free exercise claim, Plaintiff has failed to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not refer to an earlier pleading, and the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (22-3079) at the top of the first page of his amended complaint. He must allege sufficient additional facts to show that each defendant personally participated in the federal constitutional violation, as discussed

above. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Supplement Complaint (Doc. 7), is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including July 1, 2022, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 25th day of May, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge