IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TEEK ARAM BARLETT,**

               **Plaintiff,**

    v.                                                     **CASE NO. 22-3079-SAC**

**BRYAN EVANS, ET AL.,**

               **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Teek Aram Barlett, who is incarcerated at the Rice County Jail (RCJ) in Lyons, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights are being violated by the denial of the religious vegetarian diet he has requested. The Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $18.00. (Doc. 5.) The order provides that the fee is due by May 12, 2022 and states that "[t]he failure to pay the fee as directed may result in the dismissal of this matter without further notice." *Id.* In a subsequent memorandum and order issued May 25, 2022, the Court reminded Plaintiff of his responsibility to pay the initial partial filing fee. (Doc. 8.) Plaintiff has failed to pay the initial partial filing fee.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal

of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. United States*, 316 F. Appx. 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. Appx. at 771-72 (citations omitted). Because of Plaintiff's failure to pay the initial partial filing fee as ordered, the Court will dismiss this matter under Rule 41(b).

In addition, in the May 25, 2022 order, the Court identified certain deficiencies in the complaint and directed Plaintiff to file a complete and proper amended complaint that cured those deficiencies. Plaintiff has filed an amended complaint. (Doc. 9.) The Court has reviewed the amended complaint and finds that it fails to cure all of the deficiencies identified in the May 25, 2022, order.

As in the original complaint, the amended complaint fails to "identif[y] the religious belief underlying his request for a vegetarian diet, assert[] that he sincerely holds that belief,

[and] explain[] how the denial of a vegetarian diet created a substantial burden on that belief." (See Doc. 8, p. 6-7.) These omissions mean that Plaintiff has failed to state a Free Exercise claim on which relief can be granted. *See id.* Thus, the Court will dismiss this matter for failure to state a claim on which relief can be granted.

The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA), which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In other words, each time a prisoner's civil action or appeal is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it counts as a "strike." *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). Once a prisoner has three strikes, he or she may not proceed in forma pauperis in a civil action or appeal without showing "imminent danger of serious physical injury." *Id.*

**IT IS THEREFORE ORDERED** that this matter is dismissed without

prejudice under Fed. R. Civ. P. 41(b) and for failure to state a claim upon which relief may be granted. This dismissal will count as a strike under the PLRA.

**IT IS SO ORDERED.**

DATED:  This 6th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge